*Pro Se 1 2016*

1

2

3

4

5

6          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON

7

8    Robert W. Monster, an individual,          CASE NO. _____
                                                [to be filled in by Clerk's Office]
9                          Plaintiff(s),
                                                COMPLAINT FOR A CIVIL CASE
         v.
10                                              Jury Trial:  X Yes   ☐ No
     Ganeden Biotech, Inc., an Ohio Corporation
11   and Kerry Luxembourg S.à.r.l., a
     Luxembourg Corporation,
12
                           Defendants.
13

14

15

16

17        Plaintiff Robert W, Monster, an individual and resident of Washington, USA ("Monster"),

18   for his Complaint against Defendant Ganeden Biotech, Inc. (hereinafter "Ganeden") and Kerry

19   Luxembourg S.à.r.l., (hereinafter "Kerry") alleges as follows:

20                   I.       THE PARTIES TO THIS COMPLAINT

21   1.    Plaintiff Monster is an individual and a citizen of Washington located at 3832

22   234th Ave SE, Sammamish, WA 98074, USA, with a telephone number of (888) 894-

23   9026.

24   2.    Upon information and belief, Defendant Kerry is a corporation organized and

COMPLAINT FOR A CIVIL CASE - 1

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1   existing under the laws of the Country of Luxembourg having a principal place of

2   business at 17 rue Antoine Jans, L-1820 Luxembourg, Luxembourg.

3   3.      Upon information and belief, Defendant Ganeden is a corporation organized

4   and existing under the laws of the State of Ohio having a principal place of business at

5   5800 Landerbrook Dr Ste 300., Cleveland, OH 44124-4083, USA, with a telephone

6   number of (888) 894-9026.

7                  **II.      BASIS FOR JURIDICTION AND VENUE**

8   4.      Subject matter jurisdiction is proper under 28 U.S.C. § 1331, § 1338 and § 2201

9   and 15 U.S.C. § 1121 because this action involves a federal question arising under 15

10  U.S.C. § 1114(2)(D)(iv) and (v), and 15 U.S.C. § 1125(d).

11  5.      This Court has personal jurisdiction over BC30.com because Defendants Ganeden

12  and Kerry expressly agreed to submit to the Court's personal jurisdiction. Specifically,

13  Defendants Ganeden and Kerry filed a UDRP Complaint in which they agreed to submit

14  to personal jurisdiction in "the location of the principal office of the concerned registrar"

15  with respect to any challenge to the decision of the UDRP panel. The domain name

16  <bc30.com> is registered with Epik.com, Incorporated, (the "Registrar"), a corporation

17  organized and existing under the laws of the State of Washington, having a principal

18  place of business at 3832 234th ave SE, Sammamish, WA 98075, USA. Because the

19  concerned Registrar's principal office is in the State of Washington, Defendants Ganeden

20  and Kerry have expressly consented to personal jurisdiction in the State of Washington.

21  6.      Venue is proper under 28 U.S.C. § 1391(b) and § 1391(c)(2).

22

23

24

COMPLAINT FOR A CIVIL CASE - 2

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DF8CB3DA

*Pro Se 1 2016*

## III.    INTRODUCTION

7.      Monster brings this action to stay the transfer of the <bc30.com> domain name to Defendants Ganeden and Kerry, to recover damages against Ganeden and Kerry for reverse domain name hijacking, and to obtain a declaration of lawful use of the domain name <bc30.com> under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114 (2)(D), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

8.      As set forth in more detail below, the <bc30.com> domain name incorporates a generic term, "BC", a type of bacteria called "Bacillus coagulans." It is used similarly to lactobacillus and other probiotics as "beneficial" bacteria. "BC30" is commonly used and descriptive wording in the probiotics industry which identifies a type of bacteria contained in Ganeden's bacteria related goods. Such a term is generic for bacteria and thus not protectable as a trademark for bacteria.

9.      Additionally, the domain name <bc30.com> consists of the LLNN.com format meaning it incorporates two letters followed by two numbers, a common domain name configuration with inherent value and popular with domain name buyers and sellers. The term "BC30" is also not distinctive for bacteria nor was it distinctive for bacteria at the time the domain name was registered. Instead, the term is so generic as to be unprotectable as it could easily refer to a number of other terms including the year 30 B.C. and countless other examples, for example BC 3.0, none of which are identical to, confusingly similar to, nor dilutive of any mark belonging to Ganeden or Kerry when the domain name was first registered in 2011. Monster lawfully acquired the domain name with no knowledge of Defendant Ganeden or Defendant Kerry, has legitimate interests in respect of the domain name, and has consistently acted in good faith.

10.     Ganeden and Kerry have together claimed exclusive rights to the term "BC30" for goods related to the generic product bacteria but because BC and 30 are generic for bacteria and related

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2016*

1   goods, Ganeden and Kerry have no exclusive rights to that name or any other common term such

2   as BC or Bacillus Coagulans for bacteria.

3   11.      In proceedings under the Uniform Domain-Name Dispute Resolution Policy ("UDRP")

4   of the Internet Corporation for Assigned Names and Numbers ("ICANN"), Ganeden and Kerry

5   knowingly provided the UDRP panel with materially false, incomplete, and misleading

6   information in an effort hijack the <bc30.com> domain name from Monster. Ganeden and Kerry

7   knowingly and materially misrepresented that the <bc30.com> domain was identical to,

8   confusingly similar to, or dilutive of a mark that exclusively belonged to Ganeden and Kerry as

9   early as 2008. Ganeden and Kerry's material misrepresentations caused the UDRP panel to order

10   the transfer of the domain name to Kerry. Accordingly, Monster asks for a declaration of lawful

11   use of the domain name, injunctive relief prohibiting the transfer of the domain name to Kerry,

12   and for damages caused by Kerry's reverse hijacking.

13                                   **IV. BACKGROUND**

14   12.      The domain name <bc30.com> is currently registered with the Registrar Epik.com, Inc.

15   where it was first registered on June 2, 2011 by a client of Epik, Inc.

16   13.      On July 15, 2012, after the customary grace period ended, Monster acquired the rights to

17   the domain name.

18   14.      Robert W Monster ("Monster"), has maintain the <bc30.com> domain name at registrar

19   Epik, Inc since then accruing at least 8 years of renewal fees.

20   15.      As of February 28th, 2020, Monster owns and has used the <bc30.com > domain name in

21   good faith since its registration on June 2, 2011.

22   16.      Monster has developed a large portfolio of domain names incorporating common words,

23   acronyms, generic dictionary words, phrases, topics, and geo-locations, some of which have been

24

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1   the subject of inquiries by third parties wishing to purchase such domain names for their own

2   use.

3   17.     As a user and seller of generic and descriptive domain names, Monster owns and operates

4   numerous domain names and has a legitimate business interest in owning and operating generic

5   and descriptive domain names along with their associated websites.

6   18.     Monster does not send outbound emails, call third parties, or make any other outbound

7   communication unless he receives an inquiry first initiated by an inquiring party. Monster never

8   initiated contact with Ganeden or Kerry about the domain name <bc30.com> or about any other

9   domain names.

10   19.     Monster had no knowledge of Ganeden or Kerry at the time <bc30.com> was first

11   registered nor any knowledge of Ganeden or Kerry when the domain was acquired by Monster.

12   20.     At the time of the registration of the domain name <bc30.com>, Ganeden or Kerry had

13   no common law or federal trademark rights to the term "bc30" for any goods or services related

14   to bacteria or bacteria related services.

15   21.     As of the date of the filing of this Complaint, Monster registered, used and

16   continues to use the <bc30.com> domain name in good faith and its current and past use was and

17   continues to be a bona fide use.

18   22.     On Oct. 13, 2010, Ganeden filed with the U.S. Patent & Trademark Office Application

19   (hereinafter the "USPTO") Serial No. 85151721 to register the mark "BC30" on the Principal

20   Register under Section 1(b) intent-to-use filing basis in International Class 1 for "bacteria used in

21   the manufacture of foods and nutritional supplements."

22   23.     The term "BC" stands for a type of bacteria called "Bacillus coagulans" and "30" referred

23   to a strain of the bacteria. A strain is a genetic variant or subtype of a microorganism (e.g., virus

24   or bacterium or fungus).

COMPLAINT FOR A CIVIL CASE - 5

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1   24.    Ganeden failed to disclose the fact that term "BC" stands for a type of bacteria called

2   "Bacillus coagulans" to the USPTO when they filed their application for trademark registration

3   for the term "BC30".

4   25.    On Dec. 07, 2010, the USPTO Examiner assigned to examine this application requested

5   information as to the significance of the term "BC30" and Ganeden did not disclose to the

6   Examiner that "BC" was a generic term for "Bacillus coagulans" or that "BC30" was a strain of

7   "Bacillus coagulans." Instead of responding to the Examiner statins the significance of "BC30",

8   Ganeden's representatives referred the Examiner to Ganeden's response in another trademark

9   application, Application Serial Number 77677109 in which the Examiner sent an Office Action

10  dated April 15, 2009 requiring the term "BC30" for the mark "Ganeden BC30 PROBIOTIC

11  POWERED BY DIGESTIVE & IMMUNE HEALTH" to be disclaimed for being generic of the

12  goods.

13  26.    In that April 15, 2009 Office Action, the Examiner required responses to the following

14  questions:

15        "INFORMATION REQUIRED

16        Applicant must explain whether "BC30" has any meaning or significance in the industry

17        in which the goods are manufactured/provided, or if such wording is a "term of art"

18        within applicant's industry.  See 37 C.F.R. §2.61(b); TMEP §814.

19        Further, applicant must provide additional information about this wording to enable

20        proper examination of the application.  Specifically, applicant must respond to the

21        following questions:

22        1)  Does BC30 identify a particular bacterial strain?

23

24

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1    2)  Is applicant is the only source of the particular bacterial strain identified in Class 1 of

2    the application and/or used as an ingredient by applicant in its Class 5 goods, and if not,

3    what other sources exist of this particular bacterial strain?

4    3) Has this particular bacterial strain has ever been the subject of a patent in any country?

5    Provide all relevant details of any such patents.

6    4) By what other names is this particular bacterial strain known?"

7    27.    In the response to that Office Action, Ganeden failed to answer each and every of the

8    Examiner's questions. The Examiner made two notations to the file on 6/11/2011 indicating only

9    "[s]ee Reg. No. 3962293 for information regarding significance of mark" but, in that registration,

10   (U.S. Trademark Reg, No. 3962293,) the USPTO Examining Attorney required that the "BC30"

11   component of the mark be disclaimed stating that "BC30" is merely descriptive of the type of

12   bacteria contained in Applicant's goods. In that application, Applicant responded that the term

13   "BC30" was not used alone but as a part of an overall trademark and thus should not be

14   disclaimed. Specially, Ganeden stated "Applicant's goods contain a strain of bacteria referred to

15   as Bacillus coagulans GBI-30 (ATCC Designation Number PTA-6086)" and the evidence

16   showed that "the designation 'BC30' is known by third-parties as a component of Applicant's

17   overall trademark" and "not as a description of a bacteria strain" unlike the "BC30" mark

18   registration wherein "BC30" was the sole trademark claimed for bacteria.

19   28.    Ganeden never informed the USPTO Examiner of the significance of the term "BC30" in

20   relation to its products even though the application for registration was now just for "BC30" and

21   not a component of another longer "overall" trademark as was the case in the previous

22   application.

23

24

COMPLAINT FOR A CIVIL CASE - 7

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

29.     This aforementioned lack of disclosure by Ganeden that the "BC30" mark as a whole

(and not part of a longer term or mark) had significance for bacteria constituted fraud on the U.S.

Patent & Trademark Office.

30.     On January 08, 2013, Ganeden filed with the U.S. Patent & Trademark Office a

Statement of Use under 15 U.S.C. § 1051(d), which also included a sworn declaration signed

under penalty of perjury by Attorney Michael A. Marrero, counsel for Defendant, that the mark

BC30 was "first used in commerce at least as early as 03/19/2007, and is now in use in such

commerce." The specimen of use submitted by Ganeden with this declaration did not show the

mark as BC30, but as a different mark "GANEDEN BC30 PROBIOTIC POWERED BY

DIGESTIVE & IMMUNE."

31.     Mr. Marrero further swore under penalty of perjury:

> [T]he applicant or the applicant's related company or licensee is using the mark in
>
> commerce on or in connection with all the goods/services in the application or notice of
>
> allowance, or as subsequently modified, and such use by the applicant's related company
>
> or licensee inures to the benefit of the applicant….The signatory being warned that
>
> willful false statements and the like are punishable by fine or imprisonment, or both,
>
> under 18 U.S.C. Section 1001, and that such willful false statements and the like may
>
> jeopardize the validity of the application or submission or any registration resulting
>
> therefrom, declares that all statements made of his/her own knowledge are true and that
>
> all statements made on information and belief are believed to be true.

32.     Based on the lack of representations by Ganeden that "BC30" as a whole had significance

or any meaning relating to bacteria and the non-conforming specimen of use showing

"GANEDEN BC30 PROBIOTIC POWERED BY DIGESTIVE & IMMUNE."

DocuSign Envelope ID: E334EE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1    Instead of "BC30", the mark was subsequently registered in Reg. No. 4396539 on September

2    03, 2013.

3    33.    On information and belief, such statements were false at the time they were made by

4    Ganeden.

5    34.    On information and belief, Ganeden knew that such statements were false at the time they

6    were made.

7    35.    On information and belief, Ganeden knowingly made such false statements coupled with

8    the lack of disclosure of the relevance of "BC30" in regarding to bacteria in order to induce the

9    U.S. Patent & Trademark Office to issue a certificate of registration.

10    36.    Insofar as the aforementioned false statements, lack or disclosure and lack of candor were

11    knowingly made, such statements constitute fraud on the U.S. Patent & Trademark Office.

12    37.    On July 11, 2019, Ganeden filed a Combined Declaration of Use and Incontestability

13    under Sections 8 & 15 for the 4396539 Registration for "BC30", which also included a sworn

14    declaration signed under penalty of perjury by Lanny M. Schimmel, "Vice President and

15    Secretary" for Ganeden, that "the mark is in use in commerce on or in connection with the goods

16    identified above, as evidenced by the attached specimen(s)," and that "[t] he specimen(s) shows

17    the mark as currently used in commerce on or in connection with the goods."

18    38.    The specimen submitted with the Combined Declaration of Use and Incontestability

19    under Sections 8 & 15 did not show the mark "BC30" alone but the mark "GANEDEN BC30

20    PROBIOTIC POWERED BY DIGESTIVE & IMMUNE."

21    39.    Mr. Schimmel further swore under penalty of perjury:

22        •    Unless the owner has specifically claimed excusable nonuse, the mark is in use in

23            commerce on or in connection with the goods identified above, as evidenced by the

24            attached specimen(s).

COMPLAINT FOR A CIVIL CASE - 9

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1      •      The specimen(s) shows the mark as currently used in commerce on or in

2      connection with the goods.

3      •      The mark has been in continuous use in commerce for five consecutive years after

4      the date of registration, or the date of publication under 15 U.S.C. § 1062(c), and is still

5      in use in commerce on or in connection with all goods listed in the existing registration.

6      •      There has been no final decision adverse to the owner's claim of ownership of

7      such mark for such goods, or to the owner's right to register the same or to keep the same

8      on the register.

9      •      There is no proceeding involving said rights pending and not finally disposed of

10     either in the United States Patent and Trademark Office or in a court.

11     •      To the best of the signatory's knowledge, information, and belief, formed after an

12     inquiry reasonable under the circumstances, the allegations and other factual contentions

13     made above have evidentiary support.

14     •      The signatory being warned that willful false statements and the like are

15     punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such

16     willful false statements and the like may jeopardize the validity of this submission,

17     declares that all statements made of his/her own knowledge are true and all statements

18     made on information and belief are believed to be true.

19     40.    On information and belief, such statements were false at the time they were made.

20     41.    On information and belief, Ganeden knew such statements were false at the time they

21     were made.

22     42.    Insofar as the aforementioned false statements were knowingly made, such statements

23     constitute fraud on the U.S. Patent & Trademark Office.

24

COMPLAINT FOR A CIVIL CASE - 10

DocuSign Envelope ID: E334FEZ1-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1   43.     On information and belief, as of July 11, 2019, Ganeden was not using the mark BC30 in

2   commerce the Congress may regulate in connection with bacteria.

3   44.     On information and belief, Ganeden either no longer uses or has never used the BC30

4   mark alone in connection with bacteria in interstate, international, or other commerce which

5   Congress may regulate.

6   45.     On information and belief, Ganeden knowingly made such false statements in order to

7   induce the U.S. Patent & Trademark Office to accept Ganeden's Combined Section 8 and 15

8   affidavit.

9   46.     Insofar as the aforementioned false statements were knowingly made, such statements

10  constitute fraud on the U.S. Patent & Trademark Office.

11  47.     In filing a Section 8 affidavit, Ganeden committed its second act of fraud on the U.S.

12  Patent & Trademark Office.

13  48.     8In filing a Section 15 affidavit, Ganeden committed its third act of fraud on the U.S.

14  Patent & Trademark Office.

15  49.     For the foregoing reasons, the U.S. Patent & Trademark Office would have never issued

16  the 4396539 Registration for the term BC30—or maintained the registration—but for the

17  knowingly fraudulent representations made by Ganeden to the U.S. Patent & Trademark Office

18  in its Sections 8 and 15 affidavits.

19  50.     Ganeden's multiple acts of fraud on the U.S. Patent & Trademark Office warrant

20  cancellation of Ganeden's 4396539 Registration.

21  51.     Ganeden's non-use of its mark in commerce that Congress may regulate is sufficient

22  grounds—alone—to cancel the 4396539 Registration.

23  52.     In relation to bacteria, the term "BC30" is generic. Similarly, Plaintiff Monster's domain

24  name <bc30.com> is comprised of a LLNN.com format (meaning it incorporates two letters

1   followed by two numbers.)   The term is descriptive of a number of terms including the year 30

2   B.C. as well as countless other uses of the term, for example BC 3.0. This term in the domain

3   name <bc30.com> is common, generic, and descriptive of goods that include electronic

4   component names and model numbers, health equipment, power component part numbers, bank

5   note counters, as well as a number of different services.

6   53.     Monster has not used the term "bc30" as a mark to indicate the source of any goods or

7   services in conjunction with the domain name <bc30.com>. As such, no likelihood of confusion

8   exists between Monster and any mark belonging to a third party including, in particular,

9   Ganeden's asserted mark "BC30".

10  54.     The registration and trade in domain names containing generic words constitutes a bona

11  fide use of such generic or descriptive domain names.

12  55.     Further, the one word term "bc30" was not coined by Ganeden or Kerry; rather, it is a

13  common term used by numerous third parties in descriptive manners to indicate a strain of

14  Bacillus coagulans.

15  56.     Ganeden and Kerry have also claimed exclusive rights to the term "bc30" for their goods

16  and services based on their alleged use of the name and single term "bc30" continuously in

17  relation to its goods and services since at least 2008.

18  57.     Ganeden and Kerry alleged in the UDRP Complaint that Ganeden registered the domain

19  ganedenbc30.com on October 20, 2006, and that Ganeden has continuously operated a website at

20  that domain.

21  58.     On October 23, 2019, an entity called Domain Agents contacted Monster by email as a

22  broker with an offer to purchase <bc30.com> domain name on behalf of an unnamed party that

23  was later discovered to be Ganeden and/or Kerry. Domain Agents presented itself as a

24  negotiation platform that offers safe, secure and neutral place for buyers and sellers to negotiate

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1    and they did not disclose their client was Ganeden and/or Kerry. Moreover, the email did not

2    have any metadata making it impossible to know the identity of the offer was from the same

3    person that made an offer a year prior to this offer, nor did it disclose where they were from or

4    any other information about the organization making the offer.

5    59.    On October 25, 2019, Monster received another e-mail from Eric McKegney, a broker

6    from Domain Agents, offering $4200 for the same domain but Domain Agents failed to disclose

7    that their client was Ganeden and/or Kerry. Due to the fact there were multiple offers from the

8    said Domain Agents entity, and because both emails failed to disclose that Domain Agents'

9    client was Ganeden and/or Kerry, Monster had no sense of whether he was dealing with one

10    buyer or multiple buyers.

11    60.    In both these communications initiated by Domain Agents with Monster, Ganeden and

12    Kerry as well as their agent Domain Agents purposefully and willfully did not disclose that

13    Ganeden and/or Kerry was the prospective buyer.

14    61.    In its submissions to the WIPO panel, Ganeden and Kerry together knowingly and

15    materially misrepresented their alleged use of the "BC30" term alone or in conjunction with any

16    other mark for bacteria related goods going back to 2006, before the date of the registration of

17    the domain name <bc30.com>.

18    62.    Ganeden and Kerry made these statements of alleged use knowing that they were false

19    and would likely mislead the arbitration panel resulting in a decision against Monster.

20    63.    Ganeden and Kerry further misrepresented the factual background between the parties to

21    show bad faith on the part of Monster.

22    64.    Additionally, Ganeden waited until the year 2013, over 7 years from the date that use was

23    first alleged, to secure a United States registration for a trademark for the term "BC30" falsely

24    claiming exclusive use of the term "BC30" with its services from at least 2006.

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1   65.   Further, Ganeden and Kerry waited 13 years from the alleged date of first use to file a

2   complaint under the UDRP to gain a transfer of the domain name <bc30.com>.

3   66.   Ganeden and Kerry's purposeful and undue delay in filing its UDRP action therefore

4   barred any relief under the doctrine of laches.

5   67.   On February 13, 2020, the arbitration panel in the UDRP proceeding issued its ruling in

6   favor of Ganeden and Kerry. The panel's decision was based on Ganeden and Kerry's

7   misrepresentations that the <bc30.com> domain name is identical or confusingly similar to a

8   trademark or service in the mark in which Ganeden and Kerry have rights at least as early as

9   2006. On February 19, 2020 the Registrar, the registrant, Monster, Ganeden and Kerry were

10   notified by WIPO of the panel's decision.

11   68.   Under ICANN Rule 4(k), the Registrar is required to allow 10 business days after the

12   date the decision is transmitted to the parties. Rule 4.k. states: "k. Availability of Court

13   Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4

14   shall not prevent either you or the complainant from submitting the dispute to a court of

15   competent jurisdiction for independent resolution before such mandatory administrative

16   proceeding is commenced or after such proceeding is concluded. If an Administrative Panel

17   decides that your domain name registration should be canceled or transferred, we will wait ten

18   (10) business days (as observed in the location of our principal office) after we are informed by

19   the applicable Provider of the Administrative Panel's decision before implementing that decision.

20   We will then implement the decision unless we have received from you during that ten (10)

21   business day period official documentation (such as a copy of a complaint, file-stamped by the

22   clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction

23   to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In

24   general, that jurisdiction is either the location of our principal office or of your address as shown

COMPLAINT FOR A CIVIL CASE - 14

1    in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If

2    we receive such documentation within the ten (10) business day period, we will not implement

3    the Administrative Panel's decision, and we will take no further action, until we receive (i)

4    evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that

5    your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court

6    dismissing your lawsuit or ordering that you do not have the right to continue to use your domain

7    name."

8    69.    This complaint is being filed within the 10 business day period after the date the

9    arbitration decision was transmitted to the parties, on February 19, 2020.

10                                         **V. COUNT 1**

11              **(Declaration under the Anticybersquatting Consumer Protection Act)**

12    70.    Monster hereby incorporates the allegations of paragraphs 1 through 69 as if set forth

13    here in full.

14    71.    Monster's registration and use of the <bc30.com> domain name, a non distinctive term in

15    relation to bacteria, does not violate federal trademark law and is wholly permissible under both

16    federal and state trademark laws.

17    72.    In connection with the registration of the domain name <bc30.com> in June of 2011,

18    Monster had no bad faith intent to profit from Ganeden's or Kerry's non-existent trademark

19    rights in the term "BC30" for any product or service, as contemplated by 15 U.S.C. §

20    1125(d)(1)(A)(i).

21    73.    Neither Ganeden or Kerry had rights in the mark "BC30" as of the registration date of the

22    domain name <bc30.com>, and as such, Monster could not have had any intent to divert

23    consumers from Ganeden's or Kerry's online location to a site that could harm any goodwill

24    represented by Ganeden's or Kerry's non-existent mark, either for commercial gain or with the

1  intent to tarnish or disparage the non-existent mark, by creating a likelihood of confusion as to

2  the source, sponsorship, affiliation, or endorsement of the site.

3  74.    Monster has provided no misleading contact information when applying for the

4  registration of the domain name, nor has he failed to maintain accurate contact information.

5  75.    The <bc30.com> domain name contains no term which is identical or confusingly similar

6  to marks of others that were distinctive at the time of registration of the domain name, nor was

7  the registration of the domain name dilutive of famous marks that were famous at the time of

8  registration.

9  76.    The <bc30.com> domain name contains no mark that is either distinctive or famous

10  within the meaning of 15 U.S.C. § 1125(c).

11  77.    At the time of the registration, the domain name <bc30.com> was not identical,

12  confusingly similar to, or dilutive of any mark belonging to Ganeden's or Kerry's marks, as

13  contemplated by 15 U.S.C. § 1125(d)(1)(A)(ii).

14  78.    As required by 15 U.S.C. § 1114(2)(D)(v), Monster has given notice to Ganeden and

15  Kerry of Monster's intent to file an action to establish that its registration and use of the domain

16  name <bc30.com> was not and is not unlawful under the Anticybersquatting Consumer

17  Protection Act.

18  79.    A dispute exists between Monster, Ganeden and Kerry concerning Monster's right to

19  register and use the domain name <bc30.com>. As a consequence thereof, an actual and

20  justiciable controversy exists between Monster, Ganeden and Kerry.

21  80.    Monster seeks a declaration that its registration and use of <bc30.com> is lawful and that

22  the UDRP panel's decision is incorrect, void and contrary to law.

23  81.    Monster is and will be irreparably harmed if the <bc30.com> domain is transferred to

24  Ganeden, Kerry or any third party designated by Ganeden or Kerry.

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

Pro Se 1 2016

# VI. COUNT 2

## (Reverse Domain Name Hijacking)

82.     Monster hereby incorporates the allegations of paragraphs 1 through 81 as if set forth here in full.

83.     Ganeden and Kerry initiated the UDRP proceeding against Monster in a bad faith effort to deprive Monster of the <bc30.com> domain name when Ganeden and Kerry had no right to the domain name.

84.     Ganeden and Kerry knowingly provided the UDRP panel with false, incomplete, and misleading information in connection with its effort to gain control over the <bc30.com> domain name.

85.     The UDRP panel's decision in favor of Ganeden and Kerry was based on Ganeden's and Kerry's knowing and material misrepresentation that the <bc30.com> domain name is identical or confusingly similar to a trademark or service mark in which Kerry had rights as of the date of the registration of the domain name <bc30.com>.

86.     Ganeden's and Kerry's conduct was knowing, intentional, and improper and caused Monster to suffer damages that will be established at trial.

# VII. COUNT 3

## (Cancellation for Fraud On U.S. Patent & Trademark Office Under 15 U.S.C. § 1119, 1120)

87.     Monster repeats and realleges Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.     Ganeden's acts as complained of herein constitute procurement and maintenance of a registration in the U.S. Patent & Trademark Office for the mark BC30 by a false or fraudulent declaration or representation in writing in violation of 15 U.S.C. § 1120.

COMPLAINT FOR A CIVIL CASE - 17

*Pro Se 1 2016*

1   89.    Ganeden committed fraud in the procurement and maintenance of the

2  4396539 Registration by knowingly, with the intent to deceive the USPTO, making

3  material misrepresentations that it was using the BC30 mark in commerce that

4  Congress may regulate in connection with bacteria related products as of  March 19,

5  2007, continued to use the mark in commerce, and continuously used the mark in

6  commerce for five (5) consecutive years after the date of registration, when in fact,

7  no such use was taking place.

8  90.    The issuance and maintenance of the fraudulently procured registration for

9  the mark BC30 has caused injury and damage to Monster.

10  91.    Monster has sustained and is entitled to recover actual and treble damages,

11  attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117, 1120

12  and injunctive relief pursuant to 15 U.S.C. § 1116.

13                              **VII.   RELIEF REQUSTED**

14  Wherefore, Monster requests that this Court enter judgment:

15          A.        declaring that Monster's registration and use of the domain name

16  <bc30.com> is not unlawful under the Anticybersquatting Consumer Protection Act;

17          B.        declaring that Monster's registration and use of the domain name

18  <bc30.com> is lawful;

19          C.        declaring that Monster is not required to transfer the registration for the

20  domain name <bc30.com> to Kerry;

21          D.        declaring that any transfer by the Registrar before the 10 business day

22  window after the arbitration decision was transmitted to the parties is null and void and any such

23  transfer be immediately reversed;

24

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1        E.      entering a permanent injunction enjoining the Registrar from transferring

2    the <bc30.com> domain name to Kerry;

3        F.      entering a permanent injunction enjoining Kerry not to accept a transfer of

4    the domain name <bc30.com> or claiming ownership thereof;

5        G.    awarding Monster its damages caused by Kerry's knowing and material

6    misrepresentation that the <bc30.com> domain name is identical or confusingly similar to a

7    trademark or service mark in which Kerry had rights as of the registration date of the domain

8    name <bc30.com>;

9        H.    awarding Monster his reasonable costs and attorneys' fees;

10       I.     awarding Monster statutory damages under 15 U.S.C. § 1117;

11       J.     Order the Commissioner of Trademarks to cancel the 4396539 Registration for

12   all goods based any and/or all of the following:

13      Fraud on the U.S. Patent & Trademark Office in the filing of Defendant's initial

14      application;

15      Fraud on the U.S. Patent & Trademark Office in the filing of Defendant's Section 8

16      affidavit;

17      Fraud on the U.S. Patent & Trademark Office in the filing of Defendant's Section 15

18      affidavit; and

19      Non-use of Defendant's trademark in commerce that Congress may regulate; and

20      Grant any such other and further relief as this Court may deem just and proper.

21         **VIII.   CERTIFICATION AND CLOSING**

22      Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

23   knowledge, information, and belief that this complaint: (1) is not being presented for an improper

24   purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

COMPLAINT FOR A CIVIL CASE - 19

DocuSign Envelope ID: E334FE71-BDDA-4DE1-A442-1A92DE8CB3DA

*Pro Se 1 2016*

1    (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

2    reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

3    identified, will likely have evidentiary support after a reasonable opportunity for further

4    investigation or discovery; and (4) the complaint otherwise complies with the requirements of

5    Rule 11.

6         I agree to provide the Clerk's Office with any changes to my address where case-related

7    papers may be served. I understand that my failure to keep a current address on file with the

8    Clerk's Office may result in the dismissal of my case.

9

10    Date of signing:                        3/4/2020

11    Signature of Plaintiff              *Robert Monster*

12    Printed Name of Plaintiff     ROBERT W. MONSTER

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 20